## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONALD KEATS** | ) | |
| **c/o Elkton FCI** | ) | |
| **8730 Scroggs Road** | ) | |
| **Lisbon, Ohio  44432** | ) | |
| | ) | **October 1, 2013** |
| **and** | ) | |
| | ) | |
| **KATHLEEN KEATS** | ) | |
| **9 Lilac Lane** | ) | |
| **Aberdeen, South Dakota  57401** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **KATHLEEN SEBELIUS,** | ) | |
| **SECRETARY OF THE** | ) | |
| **U.S. DEPARTMENT OF HEALTH** | ) | |
| **AND HUMAN SERVICES** | ) | |
| **220 Independence Avenue SW** | ) | |
| **Washington, DC  20201** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF

### I.  NATURE OF THE ACTION

1.      This is an action challenging arbitrary and capricious final agency action taken by the

the Assistant Secretary of Health (ASH) for the U.S. Department of Health and Human

Services, who denied Plaintiffs Ronald Keats and Kathleen Keats retirement and related

benefits – including health insurance benefits vital to Kathleen Keats – without engaging

in any reasoned decision-making based on factors prescribed by the Assistant Secretary of

Health for applications for voluntary retirement from the U.S. Public Health Service

based on twenty (20) years qualifying tenure of employment.

## II.  JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331, the Administrative Procedure

        Act, 5 U.S.C. §§701-706, and the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

3.      Venue lies in this judicial district pursuant to 28 U.S.C. §1391(e)(1) and (2).

## III.  PARTIES

4.      Plaintiff Ronald Keats is an adult citizen of the United States who served in the

        Uniformed Services of his country (in the U.S. Army and Commissioned Corps of

        the U.S. Public Health Service) for 37 years.

5.      Mr. Keats' legal residence is the State of South Dakota, though he is now confined to a

        federal penal institution in the State of Ohio.

6.      Plaintiff Kathleen Keats is Ronald Keats' wife, and an adult citizen of the United States

        residing in the State of South Dakota with the couple's five minor children.

7.      Mrs. Keats is recovering from surgery to remove a tumor in her brain and requires

        continuing and very expensive medical care.  She lacks the economic resources to pay for

        this care directly.  As a direct result of the final agency action taken to deny a voluntary

        retirement to her husband, Mrs. Keats and the children lost the opportunity for health

        insurance coverage otherwise available to dependents of federal retirees.  It is very

        difficult for Mrs. Keats to pay the high cost of transitional health insurance from a private

        insurer.

8.     Kathleen Sebelius is named in her official capacity as Secretary of the U.S. Department

of Health and Human Services (Department), the United States Government's principal

agency for protecting health and providing essential human services to Americans and

others in the United States.  Among the Department's  operating divisions is the U.S.

Public Health Service.

## IV.  FACTS

9.     Ronald Keats served in the Uniformed Services of the United States for 37 years, most

recently as a Captain in the Commissioned Corps of the U.S. Public Health Service,

where his job performance was consistently rated as exemplary.

10.    Mr. Keats final duty assignment was as Commissioned Corps Personnel Coordinator

(CCPC) in the Indian Health Service (or IHS) – an agency within the U.S. Public Health

Service – in Aberdeen, South Dakota.

11.    Mr. Keats' concluding Effectiveness Report in the CCPC position includes the following

tribute:  "[Captain] Keats just received an exceptional proficiency promotion which is the

best indicator of the caliber of officer he is.  I could not ask for a more dedicated,

professional, honorable model officer to serve in his billet.  His assignment is one of the

most difficult in IHS but he endures and performs admirably.  IHS is lucky to have him

working for us."

12.    In or about April 2010, officials at the Indian Health Service discovered evidence

suggesting that for a brief period of time Mr. Keats had maintained and copied illicit

photographic images of children on and to a Government-issue laptop and several

privately owned computer discs.

13.  In or about May 2012, Mr. Keats entered an agreement to plead guilty to a single count of

    criminal wrongdoing — and was eventually sentenced to a term of imprisonment of 44

    months.

14.  The Public Health Service formally terminated Mr. Keats' employment in February 2013,

    and  subsequently characterized his service to the United States Veterans Administration

    as "Honorable."

15.  Mr. Keats is serving out his sentence at the Elkton Federal Correctional Institution

    in Lisbon, Ohio, where he is now scheduled for release in October 2015.

16.  Prior to his guilty plea and conviction, Mr. Keats submitted an application for voluntary

    retirement from the U.S. Public Health Service based on his twenty (20) years qualifying

    tenure of employment pursuant to 42 U.S. Code § 212 and implementing regulation.

17.  The first and most important factor governing consideration of such an application is

    the recommendation of the applicant's immediate supervisor:  Mr. Keats' supervisor

    supported his application for a voluntary retirement from the Public Health Service.

18.  The Assistant Secretary of Health has prescribed the following factors to govern

    applications for voluntary retirement following 20 years of creditable service made by

    officers of the Commissioned Corps of the U.S. Public Health Service:

    a.    Supervisor's recommendation for approval or denial of the officer's
          request.

    b.    Effect of the retirement on continued effective operation of the ...
          organization to which the officer is assigned.

    c.    Whether retirement is in the interest of the Corps and or the Department.

    d.    Years of service creditable for retirement eligibility, exclusive of service in
          other uniformed services.

-4-

      e.      Personal or special circumstances affecting the officer that warrant consideration.

      f.      Other factors as identified by the officer, his/her supervisor, the Commissioned Corps Liaison, or the Director [Office of Commissioned Corps Officers].

*See* Commissioned Corps Instruction CC23.8.5 (April 28, 2009).

19.      The Assistant Secretary for Health failed to consider the recommendations of Mr. Keats' supervisor in favor of approving a voluntary retirement, or any of the other factors prescribed for consideration.

20.      On June 7, 2012, the Assistant Secretary for Health rendered a final agency action on behalf of the Department denying Mr. Keats' application for a voluntary retirement, based solely on the fact of Mr. Keats' criminal conviction, and not based on any reasoned decision-making in light of the factors set forth in Commissioned Corps Instruction CC23.8.5.

21.      Mr. Keats is without meaningful income.  Prison labor pays very little.

22.      Mrs. Keats is recovering from a surgery to remove a tumor from her brain and in need of continuing and very expensive medical care.

23.      Mrs. Keats lacks the financial resources necessary to cover the cost of this medical care directly, and has been denied access to insurance coverage otherwise available as a dependent of a federal retiree, as a result of final agency action taken by the Assistant Secretary of Health to deny a voluntary retirement to her husband.

## V.  CLAIMS

24.      The allegations set forth in ¶¶ 1 through 23 are incorporated herein by reference.

25.     Plaintiffs have suffered legal wrong and been otherwise affected or aggrieved by final

        agency action.

26.     The decision taken by the Assistant Secretary of Health denying Mr. Keats a voluntary

        retirement from the U.S. Public Health Service in the absence of reasoned decision-

        making in light of factors prescribed by regulation was arbitrary and capricious, an abuse

        of discretion and otherwise in violation of law.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs respectfully request that this Court:

A.  Declare, adjudge, and decree that final agency action taken to deny voluntary

retirement to Mr. Keats in the absence of reasoned decision-making based upon factors

prescribed by regulation was arbitrary and capricious, an abuse of discretion, and otherwise in

violation of law.

B.  Remand the case to the Department and its Assistant Secretary of Health for

consideration of, and decision upon Mr. Keats' application for voluntary retirement within a

reasonable period of time, based on regulatory factors prescribed by the Assistant Secretary of

Health.

C.  Award attorney fees and costs of the action.

D.  Grant such further relief as may be just and proper.

Respectfully submitted,

**KLIMASKI & ASSOCIATES, P.C.**

October 1, 2013            */s/ James R. Klimaski*
                           James R. Klimaski, #243543

John P. Racin, #942003
Lynn I. Miller, #941559
Klimaski & Associates, P.C.
1625 Massachusetts Avenue NW – Suite 500
Washington, DC  20036-2245
202-296-5600          Fax 202-296-5601
klimaski@klimaskilaw.com
racin@klimaskilaw.com
miller@klimaskilaw.com

**Attorneys for Ronald and Kathleen Keats**