UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RONALD KEATS**, *et al.*,

    Plaintiffs,

v.

**KATHLEEN SEBELIUS**,

    Defendant.

Civil Action No. 13-cv-1524 (TSC)

# MEMORANDUM OPINION

Plaintiffs Ronald and Kathleen Keats have sued the United States Department of Health and Human Services ("HHS") under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, challenging the agency's denial of Ronald Keats' request for retirement benefits as arbitrary and capricious. Both sides moved for summary judgment, and the court denied both motions, without prejudice, and ordered further briefing. ECF Nos. 66, 67; *Keats v. Sebelius*, No. 13-CV-1524 (TSC), 2019 WL 1778047, at *1 (D.D.C. Apr. 23, 2019).

Upon consideration of the parties' supplemental briefs, as well as Plaintiff's Renewed Motion for Summary Judgment, the court will GRANT HHS' motion for summary judgment, ECF Nos. 46, 72, and DENY Plaintiff's motions for summary judgment, ECF Nos. 61, 76.[1]

---

[1] It is unclear why Kathleen Keats was named as a Plaintiff in this action. Accordingly, references to "Keats" or "Plaintiff" in this opinion refer to Ronald Keats.

## I. BACKGROUND INFORMATION

The facts in this case are set forth in this court's prior opinion. *See Keats*, 2019 WL 1778047 at *1–3. However, the following facts and procedural history are relevant to the issues addressed in the supplemental briefs. Ronald Keats was a nurse appointed as a Public Health Service (PHS) Reserve Corps officer with HHS in February 1997. *Id.* at *1. In April 2010, federal agents conducted a search at his home, during which he turned over four CDs containing more than 1000 images of child pornography (including 500 images of prepubescent children), as well as video images of Keats masturbating in his government office. *Id*.

In December 2010, Keats was indicted and arrested on three counts of transportation of child pornography and one count of possession of child pornography. *Id.* at *2. While his criminal case was ongoing, Keats reached nineteen years of service creditable toward retirement. *Id.* Shortly thereafter, he applied for voluntary retirement effective July 1, 2012, when he would have been eligible to retire with twenty years of service. *Id.*

On March 23, 2012, Keats pleaded guilty to the child pornography charges. *Id*. Around the same time, his supervisor sought approval to convene a retirement board to consider Keats' voluntary retirement request. *Id*. The request was approved, but proceedings were stayed pending final resolution of Keats' criminal case. *Id*. Keats later filed a grievance over the stay, arguing that no adverse administrative actions, nor any adverse criminal conviction or sentencing "will have occurred prior to the requested retirement date." *Id.* Keats' grievance letter did not mention that he was scheduled to enter a plea in a few days. *Id*.

HHS subsequently denied Keats' grievance, citing the "serious nature" of the crimes to which he had pleaded guilty and noting that a final decision would be made after completion of

the criminal proceedings. *Id*. Keats became eligible for retirement in June 2012 and was sentenced the following month. *Id*. His supervisor later sent a memorandum to the HHS Secretary indicating that the retirement board had been prepared to review Keats' voluntary retirement request in the event he had not been convicted, but because of the conviction, there was no need to convene the board. *Id*. The supervisor opined that, under the circumstances, it would be "unprecedented to reward" Keats with retirement benefits, which included access to disability benefits, GI Bill educational benefits, and medical treatment at VA hospitals. *Id.*

On February 6, 2013, the Assistant Secretary cancelled the retirement board proceedings and terminated Keats. *Id*. at *3. Later that year, the judge in his criminal case denied Keats' motion to vacate, set aside, or correct the sentence. *Id*. Keats appealed the sentence and sought a hearing *en banc*, certiorari with the United States Supreme Court, and post-judgment relief, all unsuccessfully. *Id.*

After Keats filed this lawsuit in October 2013, the court granted the parties' motion to stay proceedings to allow HHS to reconsider Keats' voluntary retirement application. *Id*. The retirement board recommended that HHS deny Keats' application and HHS accepted the board's recommendation, finding that his conduct discredited both Keats and the PHS. *Id*.

The court subsequently lifted the stay and the parties filed motions for summary judgment, after which the court found that Keats had not shown that HHS acted in an arbitrary or capricious manner under its <u>voluntary</u> retirement regulations. *Id*. at *3-6.

However, Keats had also argued that HHS did not consider him for involuntary retirement, and had it done so, he would have been allowed to retire. *Id.* at *6. In support of this argument, Keats noted that HHS had recently involuntarily retired two officers: "one on grounds

including 'unexcused absences and failure to comply with uniform requirements,'" and a second "due to no suitable assignment." *Id*. HHS responded that "when Keats reached the 19-year service mark, his record obviously had been reviewed because at that time he was already under investigation for potential criminal conduct." *Id*. at *7.

The court declined to grant summary judgment to either party on this issue, finding that, on one hand, Keats' argument was based on conjecture and did not demonstrate that the agency would have involuntarily retired him had it considered his record. *Id*. On the other hand, the agency's response was equally unavailing because its regulations provide that HHS "will" review an officer's record at nineteen years of service for purposes of involuntary retirement, but there was no evidence that such a review had occurred. *Id*. Moreover, there was no evidence that HHS is allowed to forego the involuntary retirement inquiry when an officer is on non-duty status because of a criminal investigation. *Id*. Because the parties had not briefed the issue, the court ordered supplemental briefing on whether HHS considered Keats for involuntary retirement and/or whether it could legally bypass this review, as well as whether remand was appropriate. *Id*.

## II. STANDARD OF REVIEW

In a motion for summary judgment in an APA case, the court must decide "as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 207 (D.D.C. 2007). A court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The plaintiff bears the burden of establishing the invalidity of the agency's action.

*See Fulbright v. McHugh*, 67 F. Supp. 3d 81, 89 (D.D.C. 2014). The court's review is "highly deferential" and begins with a presumption that the agency's actions are valid. *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir. 1981). The court is "not empowered to substitute its judgment for that of the agency," *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), but instead must consider only "whether the agency acted within the scope of its legal authority, whether the agency has explained its decision, whether the facts on which the agency purports to have relied have some basis in the record, and whether the agency considered the relevant factors," *Fulbright*, 67 F. Supp. 3d at 89 (quoting *Fund for Animals v. Babbitt*, 903 F. Supp. 96, 105 (D.D.C. 1995)).

### III. ANALYSIS

HHS regulations provide that once an officer attains nineteen years of service, their "record will be reviewed . . . to determine if the officer is qualified for retention beyond 20 years or if the record should be referred to an Involuntary Retirement Board." Commissioned Corps Instruction ("CC") 23.8.4 § 7-1. The officer "may be considered for involuntary retirement" for several reasons, including whether:

> The officer has engaged in conduct contrary to laws, regulations, standards of conduct, or administrative directives applicable to commissioned officers;
>
> . . . .
>
> The officer has engaged in acts of personal misconduct to the discredit of the Department of Health and Human Services (HHS), the Operating Division (OPDIV)/Staff Division (STAFFDIV) or non-HHS organization to which the officer is assigned, or the Corps . . . .
>
> The officer has failed to obtain and/or maintain a current, valid, unrestricted professional license or certification as required by the appointment standards for the officer's professional category

CC23.8.4 §§ 6-3, 6-5, 6-6. Involuntary retirement is "at the discretion of the Corps." CC43.8.1 § 6-3(a), 6-3(b).

In its briefing on this issue, HHS submitted the declaration of HHS official Captain Gregory Stevens. ECF No. 71-1, Stevens Decl. Stevens learned of Keats' misconduct in May 2010, around the time that the federal agents searched Keats' home and were given the CDs containing child pornography. Stevens Decl. ¶ 4; *Keats*, 2019 WL 1778047, at * 1. This was also close in time to when Keats reached eighteen years of service. Stevens Decl. ¶ 4. Stevens avers that he reviewed Keats' record, but took no action "pending the final confirmation through the courts of the alleged crime." *Id*. While the criminal case was pending, Stevens frequently reviewed Keats' record and, around Keats' nineteenth anniversary of service, Stevens—along with a deciding official and other staff members—"had a number of discussions . . . regarding the case." *Id*. "Whether to refer Keats to the [Involuntary Retirement Board] was considered, and the recommendation" to the deciding official "was to pursue a [Board of Inquiry] rather than referring" Keats for involuntary retirement. *Id*. ¶¶ 4-6. According to Stevens, HHS "does not routinely document [involuntary retirement] discussions/determinations (e.g., via documentation in an officer's electronic Official Personnel Folder) . . . so the absence of any such documentation does not mean that such a discussion/determination did not occur or was not made." *Id*. ¶ 3.

Keats takes issue with the lack of documentary evidence, asserting that it is "insulting" to expect him and the court to "simply take the Defendant's word" that it conducted the involuntary retirement review given the "vast amount of attention and deliberation allegedly given this matter," as well as the "myriad opportunities" that arose to create documentary evidence. ECF

No. 76, Pls. Br. 3-4. He also claims, without citation to the record or any other authority, that the absence of documentary evidence shows that HHS did not "follow or adhere to past precedent." *Id*.

Keats' argument is unavailing. He points to no evidence contradicting Stevens' Declaration. To survive a Rule 56 motion for summary judgment,

> [a] party asserting that a fact . . . is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56. Keats cannot meet this standard by relying on unsupported assertions. In FOIA cases, agency affidavits are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims." *SafeCard Servs., Inc. v. S.E.C.,* 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and quotation marks omitted). Moreover, Keats cites no rule requiring the agency to document involuntary retirement reviews. Accordingly, he has failed to create a genuine issue of fact with respect to whether HHS considered him for involuntary retirement.

Keats also argues that Stevens' declaration shows that HHS failed to follow agency regulations regarding referrals to the retirement board, because the regulations provide that HHS will review an officer's record to determine whether they are qualified for retention beyond twenty years of service or should be referred to the involuntary retirement board. *See* Pls. Br. 2 (citing CC23.8.4 § 7-1). Keats' argument, although difficult to understand, appears to be that the

agency violated this regulation when it did not refer him to the retirement board when he reached twenty years of service.

This argument is similarly unavailing. HHS regulation CC23.8.4 § 7-1 gives the agency two alternatives when an officer reaches twenty years of service: refer the officer for retirement <u>or</u> retain the officer. Here, rather than referring Keats to the retirement board, HHS retained him (albeit in non-duty status) past his twentieth anniversary in July 2012, until February 2013, at which time it terminated him because of his conviction. *See Keats,* 2019 WL 1778047, at *2-3. Therefore, there is no evidence that HHS failed to comply with its regulations or otherwise acted in an arbitrary or capricious manner when it chose not to refer him to the retirement board.

Finally, in his reply brief, Keats rehashed arguments this court has previously rejected (despite several orders directing him not to do so), and raised new arguments. As an initial matter, "it is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." *Benton v. Laborers' Joint Training Fund*, 121 F. Supp. 3d 41, 51 (D.D.C. 2015) (citations omitted). Moreover, even if the court were to consider the new arguments, Keats would still not survive summary judgment.

Citing to 5 U.S.C. § 8312, Keats argues that HHS did not have the authority to terminate him for the child pornography conviction. Section 8312 provides that an individual or their survivor or beneficiary "may not be paid annuity or retire pay" if the individual was convicted of a number of crimes, including treason and advocating overthrow of the government. 5 U.S.C. § 8312. Keats argues that because he was not convicted of committing any of the crimes listed in Section 8312, the agency's decision to deny him retirement benefits was arbitrary and capricious.

While Section 8312 prohibits providing retirement benefits to persons convicted of specific crimes, this provision does not mandate provision of benefits to persons who have not been convicted of the designated crimes, or who have been convicted of other crimes. Moreover, as noted above, under HHS regulations, involuntary retirement is "at the discretion of the Corps." CC43.8.1 § 6-3(a), 6-3(b). Keats has not adduced any evidence that HHS abused its discretion when it decided not to involuntarily retire him.

## IV.    CONCLUSION

For the reasons set forth above, by separate order, the court will GRANT HHS's motion for summary judgment and DENY Keats' motions for summary judgment.

Date: January 23, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge